## *Madeiras vs. Catlett.*

CHANCERY.

Error to the Fayette Circuit; JESSE BLEDSOE, Judge.

Case 106.

*Mortgages. Liens. Cross bills pro confesso. Parties
in chancery. Assignor and Assignee.*

Chief Justice BIBB delivered the Opinion of the Court.

July 1.

IN July, 1821, G. and J Madeira ex-
hibited their bill against Bradford, to foreclose Brad-
ford's equity of redemption to mortgaged prem-
ises. Part of the estate morgaged was claimed by
Catlett, under a prior lien from Bradford; but Cat-
lett was not made a party to the bill by G. and J.
Madeira. In the progress of that case, an order was
made upon Thomas Catlett, who was in possession
of part of the land, to shew cause why a receiver
should not be appointed to receive the rents to a-
wait the decision of the cause. Yet Catlett was not
made party, nor does it appear that the rule was ev-
er served on Catlett; the complainant proceeded to
a decree against Bradford.

Case of the
Madeiras a-
gainst Brad-
ford.

MADEIRAS
vs.
CATLETT.

Catlett's bill
against Brad-
ford, Madei-
ras, and oth-
ers.

Catlett then exhibited his bill against Bradford, Madeiras, and others, claiming 58 acres, part of the 63 acres, mentioned in Bradford's deed of trust, for the benefit of Madeiras. Catlett exhibits the assignment of Bradford, of the 28th February, 1819, of 58 acres of land, part of 63 acres, which Craigmiles had bound himself to convey to Clinton, and which by assignment came to Bradford; he having before his assignment to Catlett sold five acres of the 63 acres to Todd. Upon Catlett's bill, and exhibition of the assignment of Craigmiles' bond to him, by Bradford, he obtained an injunction against the proceeding as to this land, upon the claim of Madeiras, until the matters could be heard.

Madeiras answered Catlett's bill contesting his priority of lien.

Madeiras'
cross bill.

In the progress of this cause, Madeiras pray that their answer may be taken as a cross bill, and Bradford's heirs, Craigmiles, &c. are prayed to be made defendents, and upon this their answer, in nature of a cross bill, various proceedings were had.

Hearing.

The bill of Catlett, and the cross bill, as it is called, of Madeiras, were heard together.

Motion for
cross bill to
be taken for
confessed.

Madeiras moved the courts to take their cross bill as confessed by Catlett, because he had put in no answer; this the court refused.

Decree.

The decree settled the principle, that Catlett's lien was prior to that of Madeiras, as to the 58 acres; that the land be sold by a commissioner, to raise the money due to Catlett; and it appears, that by consent, the rents during Catlett's possession, were set-off against the interest; the residue, after satisfying Catlett's demand, to be applied to the demand of Madeiras. From this decree Madeiras appealed by consent.

In a bill to
foreclose, all
persons inter-
ested in the
mortgaged
premises
should be
made parties.

No principle is better settled, than that in a bill to foreclose, all persons interested in the mortgaged premises should be made parties. It was very irregular to proceed in the first cause against Bradford alone, when, as it very clearly appears, Catlett was in possession under his claim. Catlett should have been made a party to the bill first exhibited by Ma-

deiras; their irregularity in omitting him, drove Catlett to his bill to protect his interest.

The court very properly refused to take the cross bill of Madeiras as confessed by Catlett, for want of answer. He was not named as a party; no interrogatories were put to him in that answer, which is called a cross bill; no process issued against Catlett to require him to answer; there was nothing in the case to notify Catlett that an answer was required from him.

The court correctly preferred the equity of Catlett, to that of Madeiras; Catlett's commenced by assignment, by Bradford, of the bond of Craigmiles, held by Bradford, dated in February, 1819; Madeiras' equity commenced by the deed of trust of September, of that year; there is nothing to impeach the equity of Catlett. The claims of Catlett and of Madeiras are each but equities; the legal title to the land is in Craigmiles; and Catlett's equity, being prior in time, is to be preferred in equity.

But there is a want of proper parties. The bond of Craigmiles was executed to Archibald Clinton; the assignment to Bradford is by "Moses Clinton, administrator of Jacob Clinton, deceased, who was executor of Archibald Clinton, deceased, and heir by said Clinton's will." This assignment, as stated, does not, upon its face, transfer the legal property in the bond; for whether the said Jacob Clinton was heir or devisee of Archibald Clinton, yet taking this suit against Craigmiles, the co-defendant, as a bill for specific execution, the heir and administrator of Jacob Clinton ought to be parties; and moreover, the fact should appear, that Jacob Clinton was heir or devisee of Archibald Clinton. Craigmiles, in conveying under a decree of the court, ought to be protected against the future claim of those deriving title under Archibald Clinton. In this respect, the assignment of error by the appellants, is well made; the decree must be reversed for this cause.

And as the case is to go back for further proceedings, it is proper to remark, that the administrator or executor of Bradford, as also his heirs, and also

MADEIRAS
vs.
CATLETT.

Cross bill cannot be taken for confessed against one of the original complainants not named as a party to the cross bill.

Assignee of a bond for land and mortgagee of the assignor have each but equities, and the prior shall prevail.

Bill by the assignee of one styling himself the adm'or of the heir, executor, and devisee of the obligee, the representatives of the obligee are necessary parties.

Other necessary parties.

MADEIRAS
vs.
CATLETT.

the assignee Todd, ought to be brought regularly be-fore the court.

Mandate.

It seems to this court that there is error in this, that the proper parties were not before the court. It is therefore decreed and ordered, that the said decree of the circuit court be reversed, and that the case be remanded for further proceeding, by amending the bill of Catlett, to make the necessary parties, and by taking process to bring the proper parties before the court; and for such other proceedings as are consistent with the principles and usages of equity; and it is further ordered and decreed, that the appellee, Catlett, pay to the appellants their costs in this behalf expended.

*Combs* for plaintiffs; *Chinn* for defendant.